Number 161267, Block Island Fishing Incorporated versus Jamie Rogers. May it please the Court, Your Honor, Jonathan Gilson here for the appellant, Jamie Rogers. I'd like to reserve about five minutes of my time for rebuttal, if possible. You may have it. Okay. Two issues on appeal. I would like to address the issues in order of how they're presented in the brief. The first issue is the notice issue. Here, our claim is the district court committed reversible error when it decided to block Island's motion for summary judgment on grounds that were never briefed, argued, or raised. And I think there's not, the record kind of speaks for itself, there's no dispute here that after the initial pleadings were submitted to the court, summary judgment pleadings, there was no action by the court in terms of providing notice. So the real issue is was the issue of maintenance and cure, sorry, the issue of maximum medical improvement adequately raised as grounds. Counsel, the district court relies very much on a doctor's report. I guess it's November 18, 2014. That's really the basis for the maximum medical improvement determination. Is it your position, and I might add the court points out that there's no contrary medical evidence that your client provides. Is it your position that given proper notice and adequate time and comfort with that, that you could indeed have provided medical evidence and created a genuine issue of material fact on that issue? Is that your position? Absolutely, Your Honor. That is our position. Our position is without that notice that maximum medical improvement was at issue and it would be decided. Can you give us some sense of why that is so? I mean, it's beyond the record on appeal, and that is really the prejudice. You really didn't do discovery as to whether that November doctor's clearance to go back to work was the final word on the matter? There's plenty of discovery, and we have the evidence. But it's just we had no notice that that evidence... Okay, so it's not that you need more discovery. It's that you would have made arguments to the district court had you had notice that the issue was not the June date but the November date. Entirely correct. Yes, that's our claim. Our claim is here we're deprived of an opportunity to present the discovery we had already. I mean, this is treatment done by our client. So this is discovery we already have. We know his treatment. But we didn't realize that maximum medical improvement was at issue because the... And this goes to the grounds. Was there adequate... Well, I guess the issue really is was the grounds of maximum medical improvement argued in the initial briefing? So I'm just curious. Do you think the issue of the termination of the period really was an issue for the jury? I didn't understand your question.  I'm sorry. You could have opposed summary judgment, and you could have taken two positions. One is, no, don't enter summary judgment on this. Send it to the jury. Yes. Or you could have taken the position that, in fact, our evidence shows an even later date, and if you're going to enter summary judgment, enter it at the later date. Yes, we could have taken either of those. I think, stepping back, the more approaching the summary judgment motion, we had the brief that said it's essentially arguing because J.B. Rogers returned to work in July of 2014, that's when you should stop at court. We focused our attack on that, saying, number one, the law is wrong. Number two, there's a dispute of fact there. What I'm trying to get at is do you, in the end, I know you'd like to vacate the summary judgment, but do you think this is a jury question? Absolutely. The point of maximum medical improvement needs to be supported by doctor's evidence, and it's a factual question, bottom line. Can I just understand how we're supposed to do the prejudice inquiry in a case like this? So if you're not making an argument that there's some additional discovery you were deprived of, the argument is the prejudice, is the prejudice just inherent, in other words, so long as there's no notice you win, or do you have to make some showing that there is some actual argument you could have made with respect to November on the discovery you had that would have made it a genuine issue? What is the prejudice inquiry that we're supposed to engage in here? I think it's a former, Your Honor, and the reason being is that the latter would require us to submit evidence to you, and that's just not allowed. Exactly. So it's basically per se, as long as there's no notice? As long as there's no notice, correct. I think it's inherent in the lack of notice. The prejudice here is the inability to submit evidence and build a record. It can't be per se. But it would seem to me it would turn on what the facts of a given case are, what the nature of the dispute is, and you're right, if you're claiming we were harmed because we couldn't put it before the district court, you shouldn't then have to put it before the court of appeals to show it would make a difference. So if it's not per se, could you just hum a few bars about what you have beyond just the per se argument that's short of having to put forward the case that you didn't have the chance to put forward to the district court to us? In other words, what is it about this case that would enable us to say there was prejudice here without adopting a per se rule that's always prejudicial? Without offering you evidence, I don't know what I could do, Your Honor. What do you mean, offering evidence? I mean, you just told us that even at the time that the court heard the summons judgment, you already had discovered it had been taken. And you, I believe in your brief, you refer to deposition testimony of your own client in which he describes, subsequent to the day focused on by the district court, he describes his ongoing medical problems. He says, I haven't reached an end date. I continue to have these medical problems. I continue to have treatment. That was already in the record at the time the summons judgment was heard. Is that correct? The deposition transcripts were, yes, Your Honor. Okay. And you're saying that you, they were there, they were available, you argued if you had understood that the issue was the date of maximum medical improvement rather than the contention that when he was told he could go back to work, that was equivalent to maximum medical improvement, you would have drawn upon that material that was already available to you to argue the point. Is that correct? I certainly would have, and I would have also submitted additional evidence, medical evidence. Remember, maximum medical improvement is factual determination based on medical evidence. I would have submitted evidence of further treatment after that date. Well, I thought at your basic position there was already evidence in this record that creates a genuine issue of material fact on that ultimate factual determination of the date of maximum medical improvement, and you're saying because there is that genuine issue of material fact, this issue has got to go to the jury on the basis of the existing record. Correct. And I guess, and the evidence I cited in the brief was a statement within that November 18th medical record that said he's discharged from my care. I'm transferring all follow-up care to his primary care physician, Dr. Cordoza, who was also treating Mr. Rogers for his illness and his injury. All reasonable inferences we get in our favor at summary judgment. That alone is enough to preclude summary judgment. But that means the notice issue is irrelevant. It's not irrelevant. Well, it was that theory that's irrelevant. You would win if you got all the notice in the record. I don't know why you need the notice issue. But I thought your notice argument was if we weren't in agreement with you or had doubts about whether what is in the record creates a genuine issue of fact as the November date, you'd still win because you were only told that the summary judgment was going to focus on the July date. So then I'm trying to figure out, okay, I completely understand that argument. I don't have to decide whether who's right about whether summary judgment was appropriate as the November date because you never got a fair chance to contest that issue. And I'm sympathetic to the reason you say you didn't get notice of that. I'm just trying to figure out beyond a per se rule that whenever you don't get notice, you win, what is there short of us concluding you're right that there was a genuine issue of material fact as to the November date? Do you follow? I think so, Your Honor. Okay, so what is that argument? You made a reference that you had other discovery, and I don't know, you have to just make a plausible showing that from it was a contestable enough issue that you would have been able to augment it or something. I don't know what we're supposed to say, that's all. Our argument is a two-step. It's an alternate argument, really. First step is there's a sufficient evidence in the record to conclude summary judgment on the basis of that map. Absent that, if you get beyond that and you're concluding no, we were deprived of notice to give you the evidence you want because we were not noticed that MMI was at issue. And I don't know how to answer beyond saying. So that's fine. So what are the other issues on appeal? My time's up. I know, but you can answer the question. Okay, the other issues on appeal, Your Honor, is the district court's holding that as a matter of law, a seaman's rate of maintenance cannot exceed his actual expenses. That is contrary to the purpose of maintenance and cure. That is contrary to the law as established by the Supreme Court. Okay, do we have any disagreement between the parties as to the district court's adoption of the Fifth Circuit rule that if there is an overpayment, it can only be an offset and cannot be the source of an independent cause of action? That's certainly our position, Your Honor. I don't purport to speak for Block Island, but that's certainly our position. Counsel, I just don't understand your concern. I gather because it appears that the court has indicated that it is a jury question as to the degree to which there was an overpayment of maintenance. You object what now seems to be the law case that the maintenance permit's demand had to reflect actual cost. Your concern is that with that constraint, you will not get the case before the jury that you think you're entitled to on the issue of maintenance. Is that your concern? That's correct. So the court held in these circumstances, as a matter of law, actual expenses cap your damages. It set a cap on the amount. But that is the ordinary rule. Isn't this a matter of what the instructions are to the jury? No, Your Honor, because what the court did is the court limited the jury's inquiry. It said you are not allowed to, you need to calculate what the overpayment is, not you need to calculate what the actual damages are. And I would disagree that actual damages is the law. I think the law is the reasonableness of the expense. Actual expenses are part of that inquiry. And I think the Fifth Circuit Hall case that we cite explains it perfectly. Okay, you have reserved time. Thank you, Your Honor. Good morning, Your Honor. Good morning. My name is Thomas Musica, and with me is Kirby Arshine. And we represent Block Island Fish and Yank. So what do you think is here on appeal? Your Honor, with regard to the issue of notice, it's very difficult for me to understand why the plaintiff in this case doesn't understand what the notice was. For the first ten months when Mr. Stoddard was asking questions about actual expenses and medical bills and was going back and forth without any litigation, the issue was what is the amount, the per diem amount of maintenance to be paid and whether there is medical support that should be paid or when it terminates. Those are always the issues in maintenance cases. What happened was after ten months of going back and forth and what we believe not being provided with accurate information, we filed a declaratory judgment. And the declaratory judgment was only on the issue of maintenance and cure. It had two counts, and the counts asked for the court to find the proper amount of daily maintenance to be paid to Mr. Rogers, the duration and total amount of maintenance due and owing to Mr. Rogers, and the return of any and all monies overpaid to Mr. Rogers because of his failure to properly provide valid information. In the second count, we asked for the date that Mr. Rogers reached maximum medical improvement, the duration and total amounts of maintenance and cure due and owing to Mr. Rogers, and again, the return of the monies for the overpayment. But that's not your summary judgment motion. No, that's a complaint. But that's the whole point. He knew it was in the case. His concern is he didn't have notice that it was going to be an issue that wouldn't be going to a jury because you were asking for it to be summarily decided. That's right. On that issue, he contends the only notice he got was that the thing you thought that should be decided summarily was that MMI was decided in July, was reached in July. Well, you're right. So what you showed, that was the position that we took as far as the cutoff date, the maximum medical recovery. But also, we provided the medical records that Dr. Cardoso said in the case as the alternative for the court because there were two issues. We felt that once you're back going to work, and the plaintiff testified he was working in June and July, once you go back to work, the room and board of maintenance is gone. You're getting your subsistence from the shift that you live on, that you're working on. So maintenance is not due during that period of time. So the district court rejected that notion. That's right. But decided on its own, I take it, not at your urging, to put a cap date on maintenance. That's exactly what happened. Based on some other records. That was correct. And there is no further records of actual treatment by Dr. Cardoso. No, he says I would have put them in if I'd been told that that really was the issue. Your Honor, we have no further medical records of treatment for pneumonia to Dr. Cardoso. None. Okay. So is there a problem with this being a jury issue? You've already agreed there's some sort of jury trial that's going to happen. There's a jury trial on a lot of other issues, correct. Right. Okay. So what other legal issues does this court have to decide? Well, the other two was that the standard for determining what the maintenance rate is, is the actual cost of expenses, which- Counsel, I thought there was good law for the proposition that, as your point of argument, that actual costs inform a determination as to what the maintenance obligation should be, but you can have reasonable costs that are above the actual cost for reasons that you would argue were appropriate. Isn't that just wrong as a matter of law to say that invariably actual costs control the maintenance obligation? I think, Your Honor, when the actual costs are not reasonable for living, as the Fifth Circuit has stated, then you can use reasonable costs, but as a general rule, the yardstick for determining what the costs are for maintenance and cure is the actual expense that the gentleman incurs for his living expenses for his room and board assured. So doesn't that come down to a jury question? I think that's a law question. And then the matter of the instructions given to the jury? I think that's a law question that's here before you before we go back and do this. Is it clear the district court made that legal conclusion? Yes. What's clear about it? It seems like the district court, it's possible to read it as saying the rule is actual damages. It doesn't do any analysis of why the actual damages here, the actual expenses here, which were for a much lower amount of rent than the rent that he had been paying, nonetheless reflects a reasonable account of the expenses. But on your theory, even what you're saying now, you're saying you'd have to decide implicitly the district court was making that reasonableness determination? I think the court did do that. But what's the indication that it did that other than the fact that it says actual expenses? That's the decision by the judge. That's what we're living with, and I think that's the law on SACO in this circuit. Is there an inconsistency in what the district court did in this sense? He seems to have made it the law of the case that actual expenses control the maintenance obligation and seems to have said there was an overpayment here, but we'll leave it up to the jury to decide how much, and yet he refused. He would ask that some injunction be entered for the counterclaim, which is a claim that there was a negligent or intentional failure to provide maintenance and cure. I understand the theory to be that the expenses that the appellant incurred here were to some extent controlled by or required by the negligent failure to pay maintenance and cure in a timely fashion. I think it's their argument that they should be able to show that the expenses for which they seek reimbursement were occasioned in part by the way in which your client was dilatory in paying maintenance and cure. So there seems to be a link between those two, which the district court itself does not recognize. I think the court let that to be a jury issue in the trial. But I think, Your Honor, in respect to the position that you are taking, the burden is first with the plaintiff to come forward with accurate information from which we can derive a per diem rate for the payment of maintenance, and that was not done in this case. I think that the standard that goes forward and the burden on the plaintiff is that he has to come forward with his actual expenses, and then if he wishes to make an argument about its unreasonableness, but that was never made. On this independent issue of the adoption of the Fifth Circuit rule, what's your position on that? Your Honor, the advocacy court sits in equity, and in this case we feel that there was an intentional No, no, no, no. Please. As a matter of law, should the First Circuit adopt the Fifth Circuit rule? At this point, yes. Okay. Thank you. Okay. Thank you, Your Honor. Before you sit down, I just want to go back. Are you saying that to the extent that there's an issue about, under the rule that reasonable expenses can be higher than actual expenses, that that argument was not made below? That's right. It wasn't. It was not argued. It's not even argued up here in the appeal. Well, you seem to have an impression that somebody's talking about it. I bet you might be. I don't think it was brought up on appeal. Was it brought up before Judge Stearns? And then we can decide for ourselves whether it was brought up on appeal. Thank you, Your Honor. Just so I'm clear, is it the papers that we are seeing, you're saying Judge Stearns is just going to look the same way? Exactly. Okay. Well. Just a couple points. Well, you better start with your opponent's assertion that you failed to inform Judge Stearns below that this was your position or provide him any documentation on that at summary judgment. The documents both here in this court and the documents in the submissions made at the district court level are almost identical. Don't give me an answer like that. We certainly raised the reasonableness. We raised the fact that this is a question for the jury, reasonableness of a maintenance expense. In the context of a vessel owner who's withholding maintenance for months and months and months, forces that seaman to increasingly go lower in the amount of rent he pays before then becoming homeless and moving into a boat and then allowing the boat owner to derive a benefit and pay the reduced amount, our argument was that cannot stand as a matter of law. You put it to the jury, and we'll accept. If a jury comes back after presentation of the evidence and says, we don't agree, we think a reasonable amount is the second apartment you had, the third apartment you had, we'll stand by that or we'll put more accurately, that is not clearly erroneous and that is something a reasonable jury could find. However, as a matter of law, what this court did is it said, actual expenses serve as a cap. Since you were going down in rent, I'm not going to consider why you were going down. Can I just ask to understand what the district court was doing in that regard? Did your opponents argue that the right standard was actual expenses rather than reasonable expenses? It did. It did actually make that argument to the district court. Absolutely. Did it make the argument just that the actual expenses here would be reasonable? No. No. It argued the actual expenses serve as a cap. I thought they argued in light of your failure to update information and give it to them that the actual expenses that were reported to them were reasonable in light of your failure to meet your obligation to provide information to them. I thought that was the argument they made. Counsel seems to be agreeing with me. Your Honor, my understanding of their argument is that this is a count-for argument. Count-for is a count that, our count-for, focuses on the conduct of the vessel owner. Their argument is our conduct simply was not unreasonable given all the circumstances. Dismiss count-for.  They made no argument that the amount they paid was reasonable based on our conduct. In fact, their claim is the amount they paid was not reasonable because they paid almost the amount we were asking. Their claim is that the reasonable amount is much lower. Yes. Yes. Sorry. We know that. So that's, I don't want to belabor the point, but I want to go back to notice because I think Rule 56, when it mentions the word notice, it is not talking about conduct of the moving party. It's talking about the conduct the district court needs to make to the non-moving party. And I think that's where opposing counsel is arguing. He was on notice that the non-moving party was on notice. We were on notice. That's not what notice in Rule 56 is talking about. Rule 56 says if you, if the district court is going to decide, and Rule 56-F-2, if the district court is going to decide a motion for summary judgment on grounds not raised by a party, then it triggers that notice coming from the district court. There were no grounds of MMI raised. I've heard that brief many, many times. It mentions once that at his deposition, which occurred a year after that medical note of November 18, 2014, he mentions he's no longer treating. That's the only mention of MMI. So what you want from us is vacate the summary judgment on the MMI date, remand for it to go to the jury. To the extent there was any ruling about actual damages, I'm sorry, actual expenses, for us to disabuse the district court of that notion and leave the question to the jury of reasonable versus actual? Correct. And do you want anything else? I guess what we would ask is for guidance from the First Circuit to be employed throughout this district as to how a jury and what a jury can consider or a fact finder can consider in determining the reasonable amount of maintenance. Actual costs certainly get rolled up into that analysis, but they can't serve as a matter of law as a cap on the damages. So we would ask that the decision is vacated to the extent it sets that cap and to the extent that November 18 is the date. And the parties seem to agree that it would be useful if we would enshrine the Fifth Circuit rule about overpayment. With restitution rather than... Yes. Yes. Okay. Thank you.